## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JAMES HALVORSON, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>INDEPENDENT SCHOOL DISTRICT )<br>NO. I-007 OF OKLAHOMA COUNTY, )<br>STATE OF OKLAHOMA, a/k/a )<br>HARRAH PUBLIC SCHOOLS, et al., )<br>)<br>Defendants. ) | Case No. CIV-07-1363-M |

### ORDER

Before the Court is "Defendants Hughes' and Munyon's Motion for Summary Judgment and Brief in Support" [docket no. 19], filed October 1, 2008. On October 16, 2008, plaintiff filed his response, and on October 27, 2008, defendants Dean Hughes ("Hughes") and Dale Munyon ("Munyon") filed their reply.

Also before the Court is "Defendant Harrah Public Schools' Motion for Summary Judgment and Brief in Support" [docket no. 20], filed October 1, 2008. On October 16, 2008, plaintiff filed his response, and on October 27, 2008, defendant Harrah Public Schools ("the District") filed its reply.

Based upon the parties' submissions, the Court makes its determination.

I.      INTRODUCTION

Plaintiff alleges that he suffered sexually oriented assaults, battery, and harassment from another student when he attended Harrah Public Schools. Plaintiff further alleges that the harassment reach a zenith in May of 2006 when he was attacked in the school weight room and knocked unconscious, requiring emergency medical treatment. As a result, plaintiff has filed the

instant action alleging violations of 20 U.S.C. § 1681 ("Title IX") and 42 U.S.C. § 1983, negligence, premises liability and intentional infliction of emotional distress. Defendants Hughes[1], Munyon[2] and the District now move for summary judgment as to all of plaintiff's claims.

## II.   SUMMARY JUDGMENT STANDARD

"Summary judgment is appropriate if the record shows that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. The moving party is entitled to summary judgment where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party. When applying this standard, [the Court] examines the record and reasonable inferences drawn therefrom in the light most favorable to the non-moving party." *19 Solid Waste Dep't Mechanics v. City of Albuquerque*, 156 F.3d 1068, 1071-72 (10th Cir. 1998) (internal citations and quotations omitted).

"Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Furthermore, the non-movant has a burden of doing more than simply showing there is some metaphysical doubt as to the material facts. Rather, the relevant inquiry is whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Neustrom v. Union Pacific R.R. Co.*, 156 F.3d 1057, 1066 (10th Cir. 1998) (internal citations and quotations omitted).

---

[1] Hughes is the superintendent of the Harrah School District.

[2] Munyon is the principal of the Harrah High School.

III.  DISCUSSION

    A.  Title IX claims

Title IX provides, in pertinent part: "[n]o person . . . shall, on the basis of sex, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any education program or activity receiving Federal financial assistance, . . . ." 20 U.S.C. § 1681(a). A school district may be liable under Title IX provided it (1) had actual knowledge of, and (2) was deliberately indifferent to (3) harassment that was so severe, pervasive and objectively offensive that it (4) deprived the victim of access to the educational benefits or opportunities provided by the school. *Murrell v. Sch. Dist. No. 1, Denver, Colo.*, 186 F.3d 1238, 1246 (10th Cir. 1999). "[T]he first two prongs of the . . . analysis require that a school official who possessed the requisite control over the situation had actual knowledge of, and was deliberately indifferent to, the alleged harassment." *Id.* at 1247. Further, "[a] district is deliberately indifferent to acts of student-on-student harassment 'only where the [district's] response to the harassment or lack thereof is clearly unreasonable in light of the known circumstances.'" *Rost ex rel. K.C. v. Steamboat Springs RE-2 Sch. Dist.*, 511 F.3d 1114, 1121 (10th Cir. 2008) (quoting *Davis v. Monroe County Bd. of Educ.*, 526 U.S. 629, 648 (1999)). Additionally, "[w]hether gender-oriented conduct rises to the level of actionable 'harassment' thus depends on a constellation of surrounding circumstances, expectations, and relationships, including, but not limited to, the ages of the harasser and the victim and the number of individuals involved." *Davis*, 526 U.S. at 651 (internal quotations and citation omitted).

The District contends that plaintiff cannot satisfy any of the four above-referenced elements. Having carefully reviewed the parties' submissions, and viewing the evidence in the light most favorable to plaintiff and viewing all reasonable inferences in plaintiff's favor, the Court finds

3

plaintiff has not presented sufficient evidence to create a genuine issue of material fact as to the first element required to establish a Title IX claim. Specifically, the Court finds that plaintiff has not presented sufficient evidence that the District had actual knowledge of the alleged sexual harassment. Contrary to plaintiff's assertion, the Court finds the District did not have actual notice based upon that a school board member having heard part of an outburst by the offending student that pertained to totally separate conduct unrelated to the instant case.

Even accepting the premise that plaintiff complained directly to his coaches regarding the sexual harassment, "[Title IX] damages may not be recovered in those circumstances unless an official of the school district who at a minimum has authority to institute corrective measures on the district's behalf has actual notice of...[the] misconduct." *Gebser v. Lago Vista Indep. Sch. Dist.*, 524 U.S. 274, 277 (1998). The Court finds that the coaches did not have authority to institute measures on the District's behalf. Because plaintiff may not claim Title IX damages based on the principle of *respondeat superior* as to his complaint to the coaches, the Court finds that the District cannot be liable on this basis.

Further, to the extent that plaintiff seeks "damages based on a theory of constructive notice, *i.e.*, where the district knew or 'should have known' about harassment but failed to uncover or eliminate it," *id*. at 282, the Court finds that the District cannot be held liable under Title IX based on the principle of constructive notice. Even assuming that the District had actual knowledge of other incidences of sexual harassment from other students based upon other lawsuits, the Court finds that the prior case, *Holt v. Indep. Sch. Dist. No. 1-007*, CIV-03-966-HE (W.D. Okla.), which involved an alleged incident occurred almost five years prior to the incident in this case is too distant in time and the remaining case on which plaintiff relies, *James v. Indep. Sch. Dist. No. 1-007*, CIV-

07-434-M (W.D. Okla.), is too dissimilar and too infrequent to constitute actual notice of a substantial danger to plaintiff. Specifically, the plaintiff in the *James* case advised the principal and vice-principal of ongoing sexual harassment, school officials who at a minimum have authority to institute corrective measures on the District's behalf. As set forth above, in the instant case, no such complaint was lodged to a school official having the authority to institute corrective measures on the District's behalf. Additionally, assuming *arguendo* that the *James* case is similar, the Court finds this sole incident is too infrequent to constitute actual notice of a substantial danger to plaintiff. The Court, therefore, finds the notice of prior complaints of sexual harassment by other students is too dissimilar, too infrequent and/or too distant in time to trigger liability.

Accordingly, the Court finds that the District's motion for summary judgment as to plaintiff's Title IX claims should be granted.

  B.  Section 1983 claims

    1.  Claims against the District

A school district may be liable for sexual harassment under Section 1983 utilizing the municipal liability framework established by the courts. In order to establish school district liability, a plaintiff must demonstrate that the school district's discriminatory actions are either "representative of an official policy or custom" or "taken by an official with final policy making authority." *Murrell*, 186 F.3d at 1250.[3] Absent an official policy, a school district "may also be held liable if the discriminatory practice is so permanent and well settled as to constitute a 'custom or

---

[3] Plaintiff does not assert that the District engaged in an official policy of deliberate indifference to sexual harassment.

usage' with the force of law." *Id.* (internal quotations and citation omitted). To establish a Section 1983 claim against a school district based on custom, a plaintiff must prove:

> (1) The existence of a continuing, persistent and widespread practice of unconstitutional misconduct by the school district's employees;
>
> (2) Deliberate indifference to or tacit approval of such misconduct by the school district's policymaking officials (board) after notice to the officials of that particular misconduct; and
>
> (3) That the plaintiff was injured by virtue of the unconstitutional acts pursuant to the board's custom and that the custom was the moving force behind the unconstitutional acts.

*Gates v. Unified Sch. Dist. No. 449 of Leavenworth County, Kan.*, 996 F.2d 1035, 1041 (10th Cir. 1993).

Having carefully reviewed the parties' submissions, the Court finds that plaintiff has not set forth sufficient evidence to create a genuine issue of material fact as to whether the District's policymaking officials – the board and superintendent – had notice of the alleged unconstitutional misconduct. Specifically, the Court finds insufficient evidence to infer that defendant Hughes, the Superintendent of the Harrah School District, was aware of the alleged sexual harassment of plaintiff. Additionally, there is no evidence that any member of the school board had any notice of the alleged sexual harassment.

Further, the Court finds no evidence to warrant the imputation of constructive knowledge of the lower level school system employees - the coaches - to Hughes or other members of the board. "Imputation of constructive knowledge requires a showing that the underlying unconstitutional misconduct was so widespread or flagrant that in the proper exercise of its official responsibilities the governing body should have known of [it]." *Thelma D. by and through Delores A. v. Bd. of Educ. of City of St. Louis*, 934 F.3d 929, 933 (8th Cir. 1991) (internal quotations and citation

omitted). Having reviewed the parties' submissions, the Court finds that the evidence presented by plaintiff does not show that the underlying alleged unconstitutional misconduct was so widespread or flagrant that in the proper exercise of their official responsibilities either Hughes or the school board should have known of it. Additionally, the Court finds that imputing the knowledge of the coaches to Hughes and the board in this case would, in effect, sanction *de facto respondeat superior* liability, a result which the United States Supreme Court has expressly rejected.

However, plaintiff asserts that the District's policies as applied by custom and practice has effectively shielded the District from liability by creating a buffer through non-policymaking employees who are not adequately trained to bring such complaints and misconduct to the attention of Hughes and the board. To establish its failure to train theory, plaintiff "must show that the Board's failure to train its employees in a relevant respect evidences a 'deliberate indifference' to the rights of the students." *Thelma D.*, 934 F.2d at 934 (internal quotations and citation omitted). Thus, plaintiff "must establish that the Board had notice that its procedures were inadequate and likely to result in a violation of constitutional rights." *Id.*

Having carefully reviewed the parties' submissions, the Court finds that plaintiff has presented sufficient evidence to create a genuine issue of material fact as to his failure to train theory. Specifically, the Court finds plaintiff has presented evidence, including the opinions of his expert, showing that Hughes and the school board had notice that the District's procedures were inadequate and likely to result in a violation of constitutional rights. During the time period when the alleged sexual harassment of plaintiff was happening, the District had been sued and was defending another student-on-student sexual harassment case.

Accordingly, the Court finds that the District's motion for summary judgment as to plaintiff's Section 1983 claim should be denied.

### 2. Claims against defendants Munyon and Hughes

Defendants Munyon and Hughes assert that plaintiff has failed to establish their individual liability under Section 1983. In order for Munyon and Hughes to be held personally liable to plaintiff under Section 1983, plaintiff must prove:

> (1) that Munyon and/or Hughes received notice of a pattern of violations of plaintiff's constitutional right to be free from sexual harassment;
>
> (2) that Munyon and/or Hughes displayed deliberate indifference to or tacitly authorized the unconstitutional acts;
>
> (3) that Munyon and/or Hughes failed to take proper remedial steps; and
>
> (4) that Munyon and/or Hughes' failure to take proper remedial steps caused plaintiff's injury.

*Gates v. Unified Sch. Dist. No. 449*, 996 F.2d 1035, 1041 (10th Cir. 1993).

Having carefully reviewed the parties' submissions, and viewing the evidence in the light most favorable to plaintiff and viewing all reasonable inferences in plaintiff's favor, the Court finds plaintiff has not presented sufficient evidence to create a genuine issue of material fact as to whether defendants Munyon or Hughes received notice of a pattern of violations of plaintiff's constitutional right to be free from sexual harassment. Specifically, the Court finds there is no evidence to show that plaintiff's complaint of sexual harassment was submitted to either defendants Munyon or Hughes at any time. Further, plaintiff has failed to establish that either defendant had notice of violations of plaintiff's constitutional rights through other lawsuits. In particular, plaintiff submitted evidence of two other lawsuits against defendants to support the proposition that sexual harassment

was so widespread that a custom existed. Having reviewed the proffered evidence, the Court finds the *Holt* case is too distant in time and dissimilar to the instant matter and, therefore, inapposite to the instant matter. Further, even assuming that the *James* case is to be construed as placing defendants Munyon or Hughes on notice of sexual harassment, the Court finds this singular incident is insufficient to demonstrate the requisite pattern of behavior necessary to support imposing liability.

Accordingly, the Court finds that defendants Munyon and Hughes' motions for summary judgment as to plaintiff's Section 1983 claims should be granted.

C.   Negligence

The Governmental Tort Claims Act ("GTCA") provides the exclusive remedy for a tort action against a public school district. Okla. Stat. tit. 51, § 153(B); *Fuller v. Odem*, 741 P.2d 449, 452 (Okla. 1987). Pursuant to the GTCA, the District cannot be held liable for the acts or omissions of a person who is not an employee of the District. Okla. Stat. tit. 51, § 155(18). Furthermore,

> The state or a political subdivision shall not be liable if a loss or claim results from:
>
> ...
>
> 4. Adoption or enforcement of or failure to adopt or enforce a law, whether valid or invalid, including, but not limited to, any statute, charter provision, ordinance, resolution, rule, regulation or written policy;
>
> 5. Performance of or the failure to exercise or perform any act or service which is in the discretion of the state or political subdivision or its employees;
>
> 6. Civil disobedience, riot, insurrection or rebellion or the failure to provide, or the method of providing, police, law enforcement or fire protection....

Okla. Stat. tit. 51, § 155(4) - (6). An action of a political subdivision is discretionary when it is the result of judgment. "Protected discretionary functions include the policy making and planning decisions, although not negligent performance of the policy." *Franks v. Union City Pub. Sch.*, 943 P.2d 611, 613 (Okla. 1997). A "great deal of discretion is involved in determining what security measures are needed...[and] [t]he decisions required to be made by the School Board and its employees and agents called for legitimate judgment calls," *Truitt v. Briggs*, 611 P.2d 633, 635 (1980), and the District is "exempt from liability, pursuant to 51 O.S. 1991, § 155(5), for the manner in which they enforce the required policy", *Franks v. Union City Pub. Schools*, 943 P.2d 611, 613, 614 (Okla. 1997).

Here, the District asserts that its determinations regarding the supervision of students is a purely discretionary function, the type of function which the GTCA was designed to protect. However, plaintiff counters that his claim of negligence is based upon the District's negligent exercise of duty once it made the discretionary decision to protect students from sexual harassment.

Having reviewed the parties' submissions and viewing all reasonable inferences in plaintiff's favor, the Court finds that plaintiff has not presented a genuine issue of material fact concerning whether the District exercised its discretion in a reasonable manner. Specifically, the Court finds that the District adopted a sexual harassment policy which clearly identifies that complaints should be directed to the District's affirmative action and/or sexual harassment officer or administrator. While plaintiff further asserts that the District's coaches advised him to avoid using the sexual harassment policy and discouraged him from complaining to either defendants Munyon or Hughes, the Court finds, upon review of plaintiff's deposition testimony, that even assuming that the coaches asked plaintiff to allow them to try and resolve his complaints, there is insufficient evidence to infer

that he was discouraged from seeking help from either the principal or superintendent. In fact, plaintiff testified that he was never told *not* to go to either defendants Munyon or Hughes.

The Court, therefore, finds that the District's motion for summary judgment as to plaintiff's negligence claim should be granted.

D.     Premises Liability

In a premises liability case, the determination of entry status is critical because the duty of care the property owner must exercise expands or contracts based on the entrant's status. *Pickens v. Tulsa Metro. Ministry*, 951 P.2d 1079, 1083 (Okla. 1997). Here, the parties agree that plaintiff is an invitee. A property owner owes an invitee the duty of exercising reasonable care to keep the premises in a reasonably safe condition. *Id*. at 1083-84. However, the property owner is not required to protect the invitee from dangers which are so apparent and readily observable that one would reasonably expect them to be discovered. *Id.* at 1084. "In other words, a landowner owes to an invitee...a duty to protect him from conditions which are in the nature of hidden dangers, traps, snares and the like." *Id*. "Moreover, failure to remove known but obvious hazards by alteration or reconstruction of the premises constitutes no breach of duty" even to an invitee. *Rogers v. Hennessee*, 602 P.2d 1033, 1034 (Okla. 1979).

In this case, plaintiff appears to allege that because he was injured by another student while on the premises of the District, that the District is liable for those injuries in that they applied policies which failed to make the premises safe. Having reviewed the parties' submissions, the Court finds that plaintiff has not presented sufficient evidence to assert a claim for premises liability. Specifically, the Court finds that plaintiff as an invitee was not injured by "the nature of hidden

dangers, traps, snares, pitfalls and the like" as contemplated by the caselaw. Accordingly, the Court grants the motion for summary judgment as to this claim.

### E. Negligent Infliction of Emotional Distress

"Under Oklahoma's jurisprudence the negligent causing of emotional distress is not an independent tort, but is in effect the tort of negligence." *Lockhart v. Loosen*, 943 P.2d 1074, 1081 (Okla. 1997). Because, as set out above, plaintiff cannot establish his claim of negligence, the Court therefore finds plaintiff cannot recover on a claim of negligent infliction of emotional distress. According, the Court grants the motion for summary judgment as to this claim.

### F. Punitive Damages

The parties do not dispute that punitive damages are not allowed in either § 1983 actions or Title IX actions. The Court, therefore, grants the motion for summary judgment as to punitive damages.

IV.     CONCLUSION

For the reasons set forth above, the Court GRANTS IN PART and DENIES IN PART defendants' motions for summary judgment [docket nos. 19 and 20] as follows:

(A)     The Court GRANTS the motions for summary judgment as to plaintiff's Title IX, negligence, premises liability, negligent infliction of emotional distress and punitive damages claims against the District, and plaintiff's Section 1983 claims against defendants Munyon and Hughes, and

(B)     The Court DENIES the District's Motion for Summary Judgment as to plaintiff's Section 1983 claims.

**IT IS SO ORDERED this 26th day of November, 2008.**

*[Signature]*
VICKI MILES-LaGRANGE
UNITED STATES DISTRICT JUDGE